UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARROQUIN AMBRIZ, <br> Petitioner, <br> v. <br> WILLIAM P. BARR, et al., <br> Respondents. | Case No. 19-cv-05791-JST <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Re: ECF No. 1 |

Before the Court is Petitioner Daniel Marroquin Ambriz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Court will grant the petition.

## I. BACKGROUND

Marroquin Ambriz is 36 years old. ECF No. 1-1 at 18. He entered the United States from Mexico in 1996. *Id.* at 4, 8. He has been in removal proceedings since January 23, 2013. *Id.* at 92-93. Prior to that time, he had three criminal convictions: for driving under the influence in 2004, when he served two days in jail; for theft in 2008, for which he served another two days in jail; and for disorderly conduct for being intoxicated in a public place in 2013, for which he again served two days in jail. ECF No. 12-2 ¶¶ 4-6.

The Department of Homeland Security initially released Marroquin Ambriz on his own recognizance but placed him in the Intensive Supervision Appearance Program ("ISAP"). ECF No. 12-4. As part of his participation in ISAP, he had to wear a GPS monitor. *See* ECF No. 12-2 ¶ 10.

Marroquin Ambriz was arrested again on April 10, 2015, on misdemeanor drug charges. ECF No. 1-1 at 88. Police removed the GPS monitor, which alerted ISAP administrators. ECF No. 12-2 ¶ 10. Marroquin Ambriz was terminated from ISAP and voluntarily reported to the

ISAP office on April 13, 2015. ECF No. 1-1 at 87. He was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") at that time. *Id.*

On May 11, 2015, Marroquin Ambriz appeared before an immigration judge ("IJ") for a bond hearing, and the IJ set a bond of $7,000. ECF No. 12-6. He appeared for another bond hearing on November 18, 2015, and the IJ maintained the $7,000 bond. ECF No. 12-7. He remained in custody because his family could not afford to pay the bond. ECF No. 1-1 at 5.

On December 17, 2015, an IJ ordered Marroquin Ambriz's removal. ECF No. 12-8. Marroquin Ambriz appealed to the Board of Immigration Appeals ("BIA"), which granted the appeal on June 16, 2016. ECF No. 12-9. Marroquin Ambriz was unrepresented at the time of the IJ hearing, but his appeal was filed by counsel. *Id.* The BIA found that the IJ "erred in finding [Marroquin Ambriz] ineligible for cancellation of removal under section 240A(b) of the Act and voluntary departure due to his 2013 conviction" because the evidence in the record did not indicate that his 2013 conviction was for drug possession. *Id.* at 4. The BIA remanded to the IJ for further proceedings. *Id.* at 7.

Marroquin Ambriz had another bond hearing in late July 2016 at which the $7,000 bond was maintained. ECF No. 12-2 ¶ 16; ECF No. 1-1 at 5. This time, his family was able to pay the bond, and Marroquin Ambriz was released from custody on August 16, 2016 – sixteen months after first being detained. ECF No. 1-1 at 5.

On December 23, 2016, Marroquin Ambriz was arrested after a traffic stop based on outstanding warrants from the 2015 drug charges. ECF No. 12-2 ¶ 18. His arrest did not trigger any involvement by ICE. He appears not to have been detained on these charges and was granted a pre-plea diversion on March 9, 2018. ECF No. 12-11 at 3, 11. Diversion was revoked on May 17, 2018, and the case remains pending.[1] *Id.*

On March 31, 2018, Marroquin Ambriz "came to the attention of [ICE]" after he was arrested and taken into custody for taking a vehicle without owner's consent, possession of a

---

[1] The reason for revocation is unclear, but Marroquin Ambriz's briefing implies that diversion was revoked because "[o]n May 17, 2018, Mr. Marroquin was in criminal custody in Alameda County and had been unable to attend the criminal proceedings in San Mateo." ECF No. 1-1 at 20.

stolen vehicle, and possession of a controlled substance. ECF No. 1-1 at 83. On May 21, 2018, he was convicted, following a plea of no contest, of taking a vehicle without owner's consent and sentenced to 112 days imprisonment and three years of probation. ECF No. 1-1 at 6; ECF No. 12-11 at 15. The remaining charges were dropped pursuant to the negotiated plea agreement. ECF No. 12-11 at 14. Marroquin Ambriz explains his conduct as follows:

> I did not know that the car was stolen because my childhood friend sold me the car and told me that it was his car. He said someone tried to steal it so the ignition was broken and he did not want to fix the missing ignition. I bought the car for a few hundred dollars because the car was in bad condition. I should have known that the car was stolen, but I did not think that someone I knew from the neighborhood would deceive me and cheat me.

ECF No. 1-1 at 6. He received credit for time served – 56 days – and also received conduct credit of 56 days, meaning that he was released on the same day of his conviction. ECF No. 12-11 at 15. Marroquin Ambriz states that one of the conditions of his probation is to participate in an outpatient drug treatment program. ECF No. 1-1 at 6. He was taken into ICE custody upon his release from criminal custody on May 21, 2018. *Id.* at 88.

On June 27, 2018, Marroquin Ambriz was denied bond at a hearing at which he was not represented by counsel. ECF No. 1-1 at 12. Other than Marroquin Ambriz's oral testimony, only two pieces of evidence were presented: "a letter of acceptance to a church rehabilitation program and transcripts from the high school he attended." *Id.* at 13. He admitted to using methamphetamine but, as the government acknowledges, also testified that "the last time he had used drugs was six months prior to the hearing." ECF No. 12 at 9 (citing recording of hearing, Ex. 1 to ECF No. 12-19). The IJ ordered that Marroquin Ambriz be detained without bond after finding that he was a danger to property and a flight risk. ECF No. 12-14. Marroquin Ambriz did not appeal this bond determination.

On February 14, 2019, an IJ completed review of Marroquin Ambriz's removal proceedings following the BIA's June 16, 2016 remand and again ordered Marroquin Ambriz's removal. ECF No. 12-15. Marroquin Ambriz states that he first "went to court in September 2016 with my pro bono lawyer. But later she wrote me to tell me that she could not represent me because she was moving to another state." ECF No. 1-1 at 6. His counsel's motion to withdraw

3

1  was granted on June 7, 2018. *Id.* at 20. The record is silent as to proceedings between September
2  2016 and June 2018. The government has presented a declaration stating that the government
3  requested a two-week continuance on June 8, 2018, for time to prepare. ECF No. 12-1 ¶ 3. After
4  that, the hearing was continued several times, for a total of approximately three months, to allow
5  Marroquin Ambriz time to seek representation. *Id.* ¶¶ 4, 6-8. His current pro bono counsel, the
6  Office of the Alameda County Public Defender, began representing him in September 2018 and
7  has continued representing him to date. ECF No. 1-1 at 12. At counsel's request for time to
8  prepare, the hearing was continued another month, to October 10, 2018. ECF No. 12-1 ¶¶ 10-11.
9  On October 10, 2018, the hearing was adjourned from the master calendar to a November 30,
10  2018 individual calendar hearing on the merits. *Id.* ¶ 12. The hearing was twice adjourned for
11  immigration judge reassignment, and an IJ first heard testimony on December 13, 2018. *Id.*
12  ¶¶ 12-15. The IJ held further hearings on January 16, 2019, and February 14, 2019. *Id.* ¶¶ 15-16.
13  On February 14, 2019, the IJ denied Petitioner's application for relief. *Id.* ¶ 17.

Marroquin Ambriz appealed the IJ's decision on February 26, 2019, and the BIA again granted the appeal and remaded the decision back to the IJ on July 23, 2019. *Id.* ¶ 18; ECF No. 1-1 at 31-32. The government did not file a brief on appeal. ECF No. 1-1 at 31. The BIA noted:

> The respondent seeks asylum, withholding of removal, and
> protection under the Convention Against Torture based on a fear of
> cartels in Mexico, who he asserts will target him, with the aid of
> Mexican police, in order to retaliate against the respondent's
> brother, a former cartel member. The respondent testified in both
> 2015 and 2018/2019 in support of his applications for relief. The
> Immigration Judge found the respondent was not a credible witness,
> based in part on discrepancies between his 2015 testimony and his
> 2018/2019 testimony. Based in part on that adverse credibility
> determination, the Immigration Judge concluded that the respondent
> did not meet his burden of proof for either form of withholding of
> removal.

*Id.* (citations and footnote omitted). Marroquin Ambriz contended on appeal that the Spanish-to-English translation of his testimony from 2015 contained inaccuracies, and the BIA ordered the IJ to consider this evidence on remand and, "[i]f appropriate," to allow "both parties . . . the opportunity to present additional evidence and legal arguments." *Id.* at 32. Marroquin Ambriz's removal proceedings remain pending before the IJ.

4

On August 13, 2019, Marroquin Ambriz filed a motion to reconsider his release on bond pursuant to 8 C.F.R. § 1003.19(e), which provides that, "[a]fter an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." He requested, based on "the prolonged nature of his detention, . . . a bond hearing in which the Government bears the burden of proof to establish by 'clear and convincing evidence' that Mr. Marroquin Ambriz is a danger and flight risk." ECF No. 1-1 at 18. His motion was based on his "plans to participate in an intensive outpatient drug treatment program upon release; positive activities while in detention, including completion of his high school equivalency and his role as Trustee in his pod; and hardship to his son and his parents as a result of his prolonged detention." *Id.* It included as exhibits the BIA's July 23, 2019 remand decision; a licensed clinical social worker's evaluation of Marroquin Ambriz; a copy of Marroquin Ambriz's GED; a pediatrician's medical evaluation of Marroquin Ambriz's eleven-year-old son, who is a U.S. citizen; and eight letters of support from family members. *Id.* at 28-75. Marroquin Ambriz's parents share custody of his son with the child's mother. *Id.* at 60. The government submitted a one-paragraph opposition, arguing without elaboration that Marroquin Ambriz "has not established materially changed circumstances" and further arguing that, under *Jennings v. Rodriguez*, 138 S. Ct. 830, 834 (2018), detained aliens have no "right to periodic bond hearings during the course of their detention." *Id.* at 79.

On August 21, 2019, the IJ denied Marroquin Ambriz's request for a new bond hearing because she did "not find materially changed circumstances that would disturb [the] prior bond determination." *Id.* at 82. Marroquin Ambriz appealed this decision to the BIA on September 11, 2019. *Id.* at 84. The IJ issued a bond memorandum on September 27, 2019.[2] The memorandum noted that, "[a]fter considering all factors in the totality, the Court did not find that the respondent's cited changed circumstances are material, in that they would not disturb the

---

[2] Under Executive Office of Immigration Review policy, IJs do not prepare a written, reasoned statement of decision unless the bond determination is appealed. *See* Exec. Office of Immigration Review, *Immigration Court Practice Manual* § 9.3(e)(vii).

5

Immigration Judge's previous finding that the respondent failed to meet his burden to prove he did not pose a danger to property." ECF No. 12-17 at 4. The IJ further noted that Marroquin Ambriz's "lengthy criminal history" includes "a very recent conviction for Taking a Vehicle Without Owner's Consent. This shows that the respondent has even recently, while out on an immigration bond, been found guilty of stealing property." *Id.* The IJ concluded that:

> Although the respondent has been engaging in positive activities while in custody, these do not materially change the serious[ness] and recency of the respondent's criminal history that led to the Court's prior bond finding. Furthermore, the Court finds that the current procedural posture of this case does not have any material effect on the Court's danger finding, and respondent's arguments that his case may take longer do not materially relate to whether or not he would pose a danger.

*Id.*

Marroquin Ambriz appealed the IJ's decision on September 10, 2019, and that appeal remains pending. ECF No. 12 ¶ 21. He filed this habeas petition on September 16, 2019. ECF No. 1. He has been detained in Yuba County Jail in Marysville, California, since he was taken into ICE custody on May 21, 2018 – approximately seventeen months ago. ECF No. 1-1 at 20; ECF No. 12-2 ¶ 27.

## II. DISCUSSION

### A. Statutory Framework

The parties agree that Marroquin Ambriz is being detained pursuant to 8 U.S.C. § 1226(a), which authorizes detention until judicial review of his application for asylum and withholding of removal is complete. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008). "After an alien is detained, the DHS [Department of Homeland Security] district director makes an initial custody determination and may allow the alien's release on bond. If the alien objects to the director's bond determination, he may request a bond redetermination hearing before an IJ at any time before the issuance of an administratively final order of removal." *Id.* at 1058 (citing 8 C.F.R. § 236.1(d); 8 C.F.R. § 1003.19(c)).

In making a bond determination, the IJ should consider "any or all" of the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the

alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I & N Dec. at 40; *see also Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011) (applying *Matter of Guerra* to § 1226(a)). The IJ has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Matter of Guerra*, 24 I & N Dec. at 40.

A detainee may appeal the IJ's determination to the BIA. 8 C.F.R. § 1003.19(f). A detainee may also request a subsequent bond redetermination from the IJ, but the request "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." *Id.* § 1003.19(e).

**B.     Jurisdiction**

Individuals who are "dissatisfied with the IJ's bond determination . . . may file an administrative appeal so that the necessity of detention can be reviewed by the BIA. If they remain dissatisfied, they may file a petition for habeas corpus in the district court. They may then appeal to [the Court of Appeals]." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (internal quotation marks, alteration, and citations omitted).

Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." Nevertheless, "a federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review . . . bond hearing determinations for constitutional claims and legal error." *Singh*, 638 F.3d at 1200; *see also Jennings*, 138 S. Ct. at 841 (8 U.S.C. "§ 1226(e) does not preclude 'challenges [to] the statutory framework that permits [the alien's] detention without bail." (alterations in original) (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003))). Section 1226(e) "does not limit habeas jurisdiction over constitutional claims

or questions of law," which, as the Ninth Circuit has explained, "includ[e] 'application of law to undisputed facts, sometimes referred to as mixed questions of law and fact.'" *Singh*, 638 F.3d at 1202 (quoting *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam)).

However, while a district court has jurisdiction to review mixed questions of law and fact, it must be careful not to encroach upon "the IJ's discretionary weighing of the evidence." *Slim v. Nielson*, No. 18-cv-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018). Pursuant to § 1226(e), "discretionary decisions granting or denying bond are not subject to judicial review." *Prieto-Romero*, 534 F.3d at 1058. Accordingly, where a habeas petitioner "asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable." *De La Cruz Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138-39 (N.D. Cal. 2017). But § 1226(e) does not bar courts from concluding that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008); *see Slim*, 2018 WL 4110551, at *4-5 (distinguishing between an unreviewable challenge to "the IJ's discretionary weighing of the evidence" and permissible challenges to "whether the party bearing the burden of proof met the applicable quantum of evidence"). Thus, as applied to this case, the Court has jurisdiction to review the IJ's denial of a request for a new bond hearing under 8 C.F.R. § 1003.19(e) to determine "whether the IJ failed as a matter of law in determining that Petitioner did not show that his circumstances had materially changed," and whether denial of a new bond hearing violated the petitioner's right to due process. *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 772-73 (N.D. Cal. 2019).

**C. Exhaustion**

The government argues that the Court should decline to review Marroquin Ambriz's petition because he has failed to exhaust administrative remedies. Marroquin Ambriz admits that he has not fully exhausted his remedies because his appeal before the BIA remains pending. However, he asserts that the exhaustion requirement should be waived.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims" challenging bond determinations under 8 U.S.C. § 1226(a). *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Applying the prudential exhaustion requirement is appropriate when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). But a court may nonetheless waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Waiver of the exhaustion requirement is appropriate in this case. First, "the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). As the BIA has explained, it "must apply the statute as written to the cases that come before us. It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer. . . . [E]ven if we were to perceive a constitutional infirmity in the unambiguous statute before us, we would be without authority to remedy it." *In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997). The BIA therefore is without authority to address the constitutional arguments Marroquin Ambriz raises in this petition.

Additionally, Marroquin Ambriz would suffer irreparable injury if this Court did not waive the exhaustion requirement. Although the government asserts that "appeals from detained individuals are given priority" under 8 C.F.R. § 1003.1(e)(8), it concedes that "there is no deadline by which the BIA must decide the appeal" and states that the BIA's decision "can be reasonably expected within several months." ECF No. 12 at 12-13. During those "several months," Marroquin Ambriz would continue to be in custody, arguably in violation of his due process rights. He "suffers potentially irreparable harm every day that he remains in custody without a hearing, which could ultimately result in his release from detention." *Cortez v. Sessions*, 318 F. Supp. 3d 1134, 1139 (N.D. Cal. 2018) (citation omitted).

The government argues that Marroquin Ambriz's claimed irreparable harms are "common to all aliens seeking review of their custody or bond determinations." ECF No. 12 at 13 (quoting

*Resendiz v. Holder*, No. 12-04850 WHA, 2012 WL 5451162, at *5 (N.D. Cal. Nov. 7, 2012)).[3] However, although some of the effects of detention on Marroquin Ambriz are "the same type of harm any person who is detained may suffer, they are [nonetheless] irreparable in nature." *Lopez Reyes v. Bonnar*, No. 18-cv-07429-SK, 2018 WL 747861, at *7 (N.D. Cal. Dec. 24, 2018). In addition, Marroquin Ambriz has presented evidence of unique harm to him: namely, the effects of his continued detention on his mental health, and on the well-being of his eleven-year-old son. *E.g.*, ECF No. 1-1 at 34-38 (social worker's evaluation of Marroquin Ambriz); *id.* at 50-56 (physician's evaluation of Marroquin Ambriz's son).

The government also relies on a district court decision noting that "petitioner's irreparable harm-based argument begs the constitutional questions presented in his petition by assuming that petitioner has suffered a constitutional injury." *Francisco Cortez v. Nielsen*, No. 19-cv-00754-PJH, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019). But, as discussed below, the Court concludes that Marroquin Ambriz has, in fact, suffered a constitutional injury. Moreover, the Court follows the vast majority of cases that have waived exhaustion based on irreparable injury when an individual has been detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal. *E.g.*, *De Paz Sales v. Barr*, No. 19-cv-04148-KAW, 2019 WL 4751894, at *4-5 (N.D. Cal. Sept. 30, 2019); *Lopez Reyes*, 2018 WL 747861, at *6-7; *Cortez*, 318 F. Supp. 3d at 1138-39; *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003-04 (N.D. Cal. 2018).

**D.     Merits**

Turning to the merits of Marroquin Ambriz's petition, the Court considers whether Marroquin Ambriz's detention has been so prolonged that due process requires he be given a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence.

The government contends that this argument is foreclosed by *Jennings*, in which the

---

[3] *Resendiz* is distinguishable because, unlike Marroquin Ambriz, the petitioner in that case "failed to timely file an appeal with the BIA" and instead "waited nearly three months" before filing her habeas petition. 2012 WL 5451162, at *4.

Supreme Court explained that:

> The Court of Appeals ordered the Government to provide procedural protections that go well beyond the initial bond hearing established by existing regulations – namely, periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary. Nothing in § 1226(a)'s text – which says only that the Attorney General "may release" the alien "on . . . bond" – even remotely supports the imposition of either of those requirements. Nor does § 1226(a)'s text even hint that the length of detention prior to a bond hearing must specifically be considered in determining whether the alien should be released.

138 S. Ct. at 847-48. However, the Supreme Court explicitly did not consider whether either of these requirements was required under the Constitution; instead, it "remand[ed] the case to the Court of Appeals to consider [the constitutional arguments] in the first instance." *Id.* at 851. The Court of Appeals, in turn, remanded the case to the district court to consider these and other arguments. *Rodriguez v. Marin*, 909 F.3d 252, 257 (9th Cir. 2018). In doing so, the court expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Id.* at 256.

Post-*Jennings*, several courts in this district have conducted an individualized inquiry to determine whether a petitioner's prolonged detention requires an additional bond hearing.[4] For example, one court concluded that, "[b]ecause Petitioner has not identified any binding Ninth Circuit or Supreme Court case-law that establishes Petitioner's categorical right to a periodic bond hearing, the Court must conduct an individualized due process analysis pursuant to the conventional *Mathews v. Eldridge* 424 U.S. 319 (1976) factors": "(1) the private interest affected, (2) the government's interest, and (3) the value added by alternative procedural safeguards to what has already been provided in the particular situation before the court." *Soto v. Sessions*, No. 18-cv-02891-EMC, 2018 WL 3619727, at *3 (N.D. Cal. July 30, 2018); *see also Lopez Reyes*, 2018

---

[4] One court has concluded "that detention becomes prolonged after six months and entitles [a detainee] to a bond hearing." *Rodriguez v. Nielsen*, No. 18-cv-04187-TSH, 2019 U.S. Dist. LEXIS 4228, at *18 (N.D. Cal. Jan. 7, 2019). The Court need not decide whether such a bright-line rule exists because, as discussed below, Marroquin Ambriz is entitled to a bond hearing even under an individualized inquiry.

11

WL 7474861, at *9-10 (following *Soto*). Another court determined "that the decision depends on the individual circumstances of each case," but explained that the length of the petitioner's detention is the most important factor and that, "[i]n general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2-5 (N.D. Cal. Jan. 25, 2019).

There is no question in this case that Marroquin Ambriz has a strong private interest given that he has been in custody for 17 months and his last bond hearing was nearly 15 months ago. *See, e.g.*, *De Paz Sales*, 2019 WL 4751894, at *5-7 (finding prolonged detention after more than 14 months in custody without a bond hearing for over a year); *Sotelo Tarin v. Bonnar*, No. 19-cv-00519-CRB, 2019 WL 568921, at *7 (N.D. Cal. Feb. 12, 2019) (finding petitioner who had been detained for 15 months "likely to succeed in arguing that [he] had a due process right to a bond hearing"); *Gonzalez*, 2019 WL 330906, at *3-5 (finding "prolonged detention without an individual bond hearing violates [the petitioner's] due process rights" where "detention has lasted just over a year and will last at least 15-17 months in total"); *Lopez Reyes*, 2018 WL 7474861, at *10 (finding "that Petitioner's detention has been long and that his private interest is strong" where "Petitioner has now been detained for twenty-one months, and over a year has passed since his last bond hearing"); *Meza v. Bonnar*, No. 18-cv-02708-BLF, 2018 WL 2554572, at *3 (N.D. Cal. June 4, 2018) (finding "serious questions going to the merits of Petitioner's claim that the Constitution requires periodic bond hearings for aliens in removal proceedings who have been detained for lengthy periods of time – here, 13 months"). Also weighing in Marroquin Ambriz's favor on this point are the facts that he is being detained at Yuba County Jail, a penal institution, and that his detention far exceeds the 62 days he has served collectively for his criminal convictions. *See De Paz Sales*, 2019 WL 4751894, at *6; *Gonzalez*, 2019 WL 330906, at *5.

As the government correctly observes, Marroquin Ambriz is responsible for at least some of the time during which he was detained because he requested extensions of time to obtain counsel and chose to appeal the IJ's adverse removal decision. But "[t]he government's suggestion that Petitioner's choice to appeal . . . adverse rulings weighs against any constitutional claim that he may make regarding his detention during the course of the appeal is untenable," and

12

the Court will not require "that a petitioner who pursues his available legal remedies must forego any challenge to the reasonableness of his detention in the interim." *Gonzalez*, 2019 WL 330906, at *4; *see also De Paz Sales*, 2019 WL 4751894, at *2, *6 (refusing to count against the petitioner a six-month delay caused by "the failure of the IJ to provide reasoning in his decision," which resulted in the petitioner prevailing on appeal before the BIA); *but see Manley v. Delmonte*, No. 17-CV-953, 2018 WL 2155890, at *3 (W.D.N.Y. May 10, 2018) ("Judicial review like that requested by Manley takes time. But that does not ripen his detention into a constitutional claim."). The BIA has now twice remanded Marroquin Ambriz's removal proceedings due to errors by the IJ, and the Court will not punish Marroquin Ambriz for seeking to correct these errors, or for attempting to seek counsel.

The government's interest is less strong, particularly where, as here, the interest "at stake . . . is the ability to detain Petitioner *without providing him with another bond hearing*, not whether the government may continue to detain him," and it is not contested "that the cost of conducting a bond hearing, to determine whether the continued detention of Petitioner is justified, is minimal." *Lopez Reyes*, 362 F. Supp. 3d at 777 (emphasis in original). In addition, "requiring the government to provide Petitioner with another bond hearing does not significantly undermine the government's interest in evaluating the evidence and in making . . . credibility determinations If the Court requires the government to provide the Petitioner with another hearing, the IJ would still be the trier of fact at any such hearing." *Id.*

Marroquin Ambriz's detention has been prolonged, with strong private interests that outweigh the government's interests. He is therefore entitled to a bond hearing at which "the government must prove by clear and convincing evidence that [he] is a flight risk or a danger to the community to justify denial of bond." *Singh*, 638 F.3d at 1203. Although the Supreme Court found that nothing in § 1226(a) "even remotely supports the imposition" of such a requirement, the Court was silent on whether this evidentiary standard is constitutionally required. *Jennings*, 138 S. Ct. at 847. "A number of district courts have taken up the question left open by the Supreme Court in *Jennings*, and 'there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving

13

that such detention is justified.'" *Arellano v. Sessions*, No. 6:18-cv-06625-MAT, 2019 WL 3387210, at *11 (W.D.N.Y. July 26, 2019) (quoting *Darko v. Sessions*, 342 F. Supp.3d 429, 434-36 (S.D.N.Y. 2018)). The government has cited no authority that has reached a different conclusion, and the Court therefore adds its voice to the chorus of decisions holding that *Jennings* did not overrule *Singh*'s conclusions regarding the required burden of proof. *E.g.*, *De Paz Sales*, 2019 WL 4751894, at *7-8; *Gonzalez*, 2019 WL 330906, at *6-7; *Cortez*, 318 F. Supp. 3d at 1146-47. Marroquin Ambriz is entitled to a hearing at which the government bears the burden of proof, by clear and convincing evidence, that he is dangerous or a flight risk. To date, he has not had such a hearing.

The government argues that Marroquin Ambriz has received all the process he is due because he has received multiple bond hearings and 8 C.F.R. § 1003.19(e) allows him the right to have another hearing if he can demonstrate materially changed circumstances. One court has specifically held that "the availability of a bond redetermination hearing upon a showing of changed circumstances satisfies due process." *Pineda v. Shanahan*, 258 F. Supp. 3d 372, 379 (S.D.N.Y. 2017). However, in that case, the petitioner received a hearing that placed the burden of proof on the government by clear and convincing evidence. *Id.* at 375. Here, by contrast, none of Marroquin Ambriz's hearings appears to have been conducted using the correct burden of proof. To the contrary, the IJ's decision at issue in this petition specifically noted that: "After considering all factors in the totality, the Court did not find that the respondent's cited changed circumstances are material, in that *they would not disturb the Immigration Judge's previous finding that the respondent failed to meet his burden* to prove he did not pose a danger to property." ECF No. 12-17 at 4 (emphasis added). This holding was in error and failed to comply with due process. Marroquin Ambriz is entitled to "an individualized determination by an immigration judge who identified the correct legal standard and determined that petitioner posed a danger to the community." *Calmo v. Sessions*, No. C 17-07124 WHA, 2018 WL 2938628, at *5 (N.D. Cal. June 12, 2018) (denying due process claim because petitioner had received such a determination). "[T]he opportunity to seek a hearing based on changed circumstances is insufficient to protect [a petitioner's] constitutional right to due process because due process

14

requires that the Government carry the burden of proving that detention is warranted." *Brevil v. Jones*, No. 17 CV 1529-LTS-GWG, 2018 WL 5993731, at *3-5 (S.D.N.Y. Nov. 14, 2018) (ordering government to provide new bond hearing after finding that the petitioner "was prejudiced by the incorrect allocation of the burden of proof at his initial bond hearing").

The Court's ruling in this regard is consistent with two recent cases in this district that presented the same issue. Most recently, in *De Paz Sales*, the court ordered "the Government to provide Petitioner with another bond hearing within twenty-one days," and provided that "[a]t the hearing, the Government must establish by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to continue his detention." 2019 WL 4751894, at *8. In that case, the court found, as this Court does here, that "the IJ committed legal error by placing the burden on Petitioner to demonstrate that he was not a danger to the community in deciding whether there were material changes warranting a second bond hearing." *Id.* at *7. In *Lopez Reyes*, by contrast, the court explicitly noted that it was "*not* making a finding that the mere passage of time requires a second bond hearing. The material change in circumstances coupled with the passage of time are the factors requiring an additional bond hearing to satisfy due process." 362 F. Supp. 2d at 777 (emphasis in original). In that case, however, the IJ at the petitioner's original bond hearing applied the correct legal standard: "She found that DHS had shown by clear and convincing evidence that Petitioner was a danger to persons and property in the United States and thus was not eligible for bond." *Id.* at 767.

In short, where, as here, the government detains an immigrant under 8 U.S.C. § 1226(a) for a prolonged period, that individual is entitled to a hearing at which the government bears the burden of showing risk of flight or dangerousness by clear and convincing evidence. The government has failed to provide Marroquin Ambriz with such a hearing, and the Court will therefore grant his petition for habeas relief.

## CONCLUSION

Marroquin Ambriz's petition for a writ of habeas corpus is granted. The government must provide Marroquin Ambriz with a bond hearing before an immigration judge within 21 days of the date of this order. At that hearing, the government will bear the burden of demonstrating, by clear

15

and convincing evidence, that Marroquin Ambriz is a flight risk or a danger to the community.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 28, 2019



JON S. TIGAR
United States District Judge